LEE v. SMITH et al.

(City Court of New York, General Term.   December 13, 1900.)

MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—PERIOD OF SERVICE.

To prove a contract of employment as salesman and manager of a merchant-tailoring department up to the end of the year, plaintiff testified that defendant told him, "You will have a commission on every sale, and in addition you will have by the 1st of January a certain profit on the showing department," and at another time, "You run this department until the 1st of January," and at another time he asked him how long it would take him to complete the work on hand, to which he replied that he might not get through until the 1st of January. Another witness testified that he heard plaintiff ask defendant for a specific engagement, and defendant said that his word was good enough for an engagement "up to the end of the year." *Held* insufficient to establish a contract until the time mentioned.

Appeal from special term.

Action by Thomas J. Lee against Smith, Gray & Co.  From a judgment for plaintiff, and an order denying a new trial, defendants appeal.  Reversed.

Argued before McCARTHY and SCHUCHMAN, JJ.

John T. Easton, for appellants.

Arthur M. Hurst, for respondent.

SCHUCHMAN, J.  The action is brought to recover damages for the breach of a contract of employment of plaintiff as a salesman and general manager of defendants' merchant-tailoring department from on or about the 28th day of February, 1898, to January 1, 1899, at a weekly salary of $40, and a commission of 5 per cent. on all sales made through plaintiff's personality or personal efforts. Plaintiff claims that he was wrongfully discharged on October 25, 1898.  The burden of proof to establish the contract of employment for the aforesaid period was on the plaintiff.  The plaintiff, to substantiate said contract, testified as a witness on his own behalf that one Millard F. Smith, who acted for and on behalf of the defendants, told him, "You will have a commission upon every sale, and in addition to that you will have, by the 1st of January, a certain profit upon the showing department," and also:

"After I was about four months in the employ of the defendants, said Smith told me, 'You run this department until the 1st of January;' and Smith asked me. 'How long will it take you to stop?' (meaning to finish the work which I then had on hand).  I said I might be able to get through this work in a week, in a month, or perhaps not until the first of January."

Thomas McCord, a witness called on behalf of the plaintiff, testified as follows:

"I heard Mr. Lee [the plaintiff] ask for a specific engagement, and I heard Mr. Smith say that his word was good enough for an engagement up to the end of the year.  I do not know what his idea was.  He said that his word was good enough to the end of the year."

This is all the evidence in the case in regard to the establishment of the contract of employment.  The defendants deny that there was an employment for a fixed period.  In our opinion, this evi-

dence is insufficient to establish a contract of employment for the period mentioned.

The verdict, therefore, is not sustained by the evidence, and the judgment and order appealed from are reversed, and a new trial granted, with costs to the appellants to abide the event.

McCARTHY, J., concurs.

